# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY VORAVONG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant.<br>_____ | 1:10-cv-0081 SKO<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**<br><br>(Doc. 17) |

## INTRODUCTION

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8, 10.) On April 8, 2010, the action was reassigned to the Honorable Sheila K. Oberto for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

**FACTUAL BACKGROUND**

Plaintiff was born in 1961, has a fifth-grade education, is illiterate in English, and has no past relevant work. (Administrative Record ("AR") 23, 256.) On July 18, 2002, Plaintiff filed an application for SSI, alleging disability beginning on January 1, 2001, due to diabetes, depression, flashbacks, body pain and weakness, and loss of interest in activities. (AR 112.) Following an administrative hearing, Administrative Law Judge ("ALJ") Michael J. Haubner denied Plaintiff's application on June 21, 2004. (AR 109-19.)

On November 26, 2004, Maximo Parayno, Jr., M.D., a psychiatrist, performed a consultative psychiatric evaluation of Plaintiff. (AR 174-78.) Dr. Parayno noted that Plaintiff was a married Laotian man who fought in Laos as a guerrilla fighter. (AR 174.) Dr. Parayno diagnosed Plaintiff with post-traumatic stress disorder and major depressive disorder. (AR 177.) Dr. Parayno also found as follows:

> We have a 42 year old male who had a psychological trauma during the war in Laos in which his close friends and relatives died around him. His parents were killed in the jungle. As a consequence of his traumatic experience, he started developing recurrent nightmares, flashbacks and intrusive thoughts about the events that happened in his life during the war. He also started having depressive symptoms with all its biological correlates of impaired sleep and appetite, loss of interest in pleasure, feeling hopeless and worthless, tired most of the time, poor concentration and attention span and impaired memory for both remote and recent events. He also had psychotic symptoms in the form of auditory hallucinations. On mental status examination, he was somewhat disoriented to time and place. On the recall of 5 items, he remembered only 1 out of 5. On the forward digit span, he was not able to recall the 7-digit numbers. His activities of daily living are restricted and depends on his family for his basic needs. His social life is constricted as a result of his fear of having a seizure episode if he leaves the house and also from his depression. In summary, it is apparent he is not capable of engaging in any substantial gainful activity although he had a work history while living in Utah in the past. His mental disability has impaired his capacity to work. He is also considered not competent to handle his funds.

(AR 177-78.)

On December 26, 2004, Dr. Parayno completed a psychiatric review technique form on which he opined that Plaintiff's affective disorder and anxiety disorder met Listings 12.04 and 12.06 because Plaintiff had marked limitations in activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace. (AR 179, 184.)

On March 1, 2005, Plaintiff again applied for SSI, alleging disability beginning on June 22, 2004. (AR 102.)

On April 24, 2007, Virender S. Kaleka, M.D., a psychiatrist, opined that Plaintiff had "difficulty in focusing on task and poor concentration. Therefore, he can't pay attention to do any work." (AR 197.) Dr. Kaleka further opined that Plaintiff had a poor ability to (1) follow work rules; (2) relate to co-workers; (3) deal with the public; (4) use judgment; (5) interact with supervisors; (6) deal with work stress; (7) function independently; and (8) maintain attention and concentration. (AR 199.) Plaintiff's ability to understand, remember, and carry out simple, detailed, or complex job instructions was also poor. (AR 200.)

After Plaintiff's claim was denied initially and on reconsideration, ALJ James P. Berry denied Plaintiff's application on July 3, 2007, following an administrative hearing. (AR 99-108, 288-317.) On March 25, 2008, the Appeals Council vacated ALJ Berry's decision and remanded the case to another ALJ. (AR 120-24.) Among other things, the Appeals Council made the following finding:

> In assessing [Plaintiff's] residual functional capacity, the [ALJ's] decision rejected the medical opinions of [Plaintiff's] treating psychiatrist V.S. Kaleka, M.D., and the consultative examiner Maximo A. Parayno Jr., M.D., who both found [Plaintiff] to have marked limitations in his ability to perform mental work-related activities. However, the decision did not provide an adequate basis for rejecting the opinions and did not provide a basis for the assessed limitations set forth in the decision.

(AR 122 (internal citation omitted).) The Appeals Council, therefore, remanded the case for an ALJ, among other things, to "[g]ive consideration to the treating and examining source opinions" and to "explain the weight given to such opinion evidence." (AR 123.)

On March 5, 2009, ALJ Haubner held an administrative hearing where Plaintiff and a vocational expert testified. (AR 249-82.) Plaintiff testified that he is unable to work because of seizures, dizziness, and diabetes. (AR 259.) He also suffers from nightmares and memory problems. (AR 260-61.) Plaintiff can walk about a half mile once a week, stand for four to five minutes, sit for ten minutes, lift and carry 10 pounds, and only concentrate for five minutes. (AR 265.)

The vocational expert testified that a hypothetical person of Plaintiff's age, education, language, and experience would be able to perform the heavy, unskilled jobs of agricultural worker,

laborer, freight stock material mover, and packer/packager if such a person had to avoid hazards and could only perform simple tasks requiring one and two steps. (AR 270, 272-74.)

Such a hypothetical person with the limitations set forth in Dr. Kaleka's April 24, 2007, opinion would not be able to perform any work, however. (AR 199-200, 275.) Further, such a person with the marked limitations set forth in the psychiatric review technique form completed by Dr. Parayno on December 26, 2004, would not be able to perform any work. (AR 184, 275.) Finally, such a person with Plaintiff's self-described limitations would also not be able to perform any work. (AR 275-76.)

On August 5, 2009, ALJ Haubner found Plaintiff not disabled since March 1, 2005. (AR 12-24.) Specifically, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the application date of March 1, 2005; (2) has an impairment or a combination of impairments that is considered "severe" based on the requirements in the Code of Federal Regulations; (3) does not have an impairment or combination of impairments that meets or equals one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) although he has no past relevant work, he could perform jobs that exist in significant numbers in the national economy. (AR 18-24.) The ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform simple, repetitive, and one- and two-step work at all exertional levels, but he must avoid concentrated exposure to working at unprotected heights, operating automotive equipment, or working around dangerous machinery." (AR 20.)

In finding Plaintiff not disabled, ALJ Haubner applied a presumption of continuing non-disability based on the June 2004 decision and found that Plaintiff's mental impairments did not meet or medically equal the criteria of Listings 12.04 and 12.06 because Plaintiff's mental impairments did not meet the paragraph B criteria requiring a marked limitation in two of the following: (1) activities of daily living, (2) maintaining social functioning, (3) maintaining concentration, persistence, or pace, or (4) the presence of repeated episodes of decompensation, each of extended duration. (AR 16, 19.) *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04, 12.06. The ALJ gave "little weight" to Dr. Parayno's opinion because "there are no new impairments or changed circumstances since the June 2004 decision, and the presumption of non-disability is not rebutted

by these records." (AR 22.) Further, the ALJ found that Dr. Kaleka's April 2007 opinion did not rebut the presumption of non-disability because no new impairments were alleged in Dr. Kaleka's assessment. (AR 22.)

On November 13, 2009, the Appeals Council denied review of the ALJ's decision. (AR 4-6.) The ALJ's decision, therefore, became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

On January 14, 2010, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision. (Doc. 1.) Defendant requests the Court to remand this case for further proceedings under the fourth sentence of 42 U.S.C. § 405(g). (Doc. 17.) Plaintiff opposes remanding this case for further proceedings and instead seeks a remand to the Commissioner for an award of benefits. (Doc. 18.)

## **SCOPE OF REVIEW**

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

**APPLICABLE LAW**

An individual is considered disabled for purposes of disability benefits if he is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting him from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id.* §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient RFC[2] despite the impairment or various limitations to perform his past work. *Id.* §§ 404.1520(f), 416.920(f). If not, in Step Five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id.*

---

[2] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

§§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## **DISCUSSION**

Plaintiff contends that the ALJ erred (1) in applying a presumption of continuing non-disability; (2) in failing to find that Plaintiff has severe post-traumatic stress disorder and major depressive disorder; (3) in improperly rejecting the opinions of Plaintiff's treating physicians; (4) in failing to comply with Social Security Ruling 00-4p regarding resolution of conflicts between vocational expert testimony and the Dictionary of Occupational Titles; (5) in improperly rejecting Plaintiff's allegations; and (6) in posing a hypothetical question to the vocational expert that did not accurately reflect Plaintiff's actual limitations.

In response, Defendant has filed a motion to remand this case to the Commissioner for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Defendant "requests a remand in which the ALJ will offer Plaintiff a new hearing and the opportunity to present new evidence." (Doc. 17 at 2.)

> On remand, the ALJ will further evaluate the examining-source opinion of Maximo Parayno, M.D.; obtain new vocational expert testimony that discusses specific jobs that are consistent with Plaintiff's residual functional capacity and includes the Dictionary of Occupational Titles (DOT) codes for those jobs; and ask the vocational expert if his or her testimony is consistent with the DOT and address any conflicts with the DOT in the decision. To the extent that Plaintiff may have additional issues, he may raise them on remand.

(*Id.*) Defendant maintains that "[f]urther proceedings are necessary for the ALJ to clarify the weight that he gives to Dr. Parayno's opinion and the reasons for that finding." (*Id.* at 3.)

Plaintiff opposes the motion and seeks an immediate award of benefits. According to Plaintiff, if Dr. Parayno's opinion is properly credited, Plaintiff is presumptively disabled at the Third Step. (Doc. 18 at 8.)

**A.   Legal Standard**

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

7

rehearing." The Court has discretion to remand a case for further evidence or to award benefits. Evidence should be credited and an immediate award directed where "(1) the ALJ failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 926 (9th Cir. 2002) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). If this test is satisfied, then remand for a finding of disability is warranted, regardless of whether the ALJ might have articulated a justification for rejecting opinion evidence. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000); *see also Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." (citation omitted)).

**B.     Analysis**

Defendant concedes that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Parayno, who found that Plaintiff's mental impairments met Listings 12.04 and 12.06 because Plaintiff had marked limitations in activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace. (AR 179, 184.) Defendant maintains that the Court should remand this case "for the ALJ to clarify the weight that he gives to Dr. Parayno's opinion and the reasons for that finding." (Doc. 17 at 3.) If Dr. Parayno's opinion is credited, however, the ALJ would be required to find Plaintiff disabled. Therefore, two of the three *Smolen* factors are satisfied.

Defendant nonetheless contends that a remand for an award of benefits is not warranted because there are outstanding issues to be resolved, citing, among other cases, *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010). In *Luna*, the claimant contended that the ALJ erred in rejecting her symptom testimony and the opinions of treating and examining sources. The claimant, therefore, maintained that, under the "credit-as-true" doctrine, the court should have held the evidence to be credible and remanded the case with instructions for an immediate award of benefits. *Id.* at 1035. The court in *Luna* held, however, that "applying the [credit-as-true] rule is not mandatory when, even

if the evidence at issue is credited, there are 'outstanding issues that must be resolved before a proper disability determination can be made.'" *Id.* (quoting *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). The court in *Luna* ultimately determined that the district court did not err in remanding the case for further proceedings for the ALJ to resolve the outstanding issue of the claimant's onset date of disability because applying the "credit-as-true" rule in that case would not have resulted in the immediate payment of benefits. *Id.*; *see also Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999) (requiring further proceedings to determine date on which claimant became disabled, after finding that disability was established by crediting claimant's and examining physician's testimony).

Defendant maintains that "there are outstanding issues that the ALJ must resolve before determining whether Plaintiff is disabled." (Doc. 17 at 6.) "The ALJ indicated that he rejected Dr. Parayno's opinion because there were no severe impairments or changed circumstances since the June 2004 decision, but Dr. Parayno's two evaluations of Plaintiff took place after that decision. Therefore, the ALJ must further evaluate Dr. Parayno's opinion and contemporaneous findings on remand." (*Id.*)

As Plaintiff points out, however, the Commissioner has already had two opportunities to address Dr. Parayno's opinion. After ALJ Berry issued his decision in July 2007, the Appeals Council determined that the ALJ's decision did not provide an adequate basis for rejecting the opinions of Drs. Kaleka and Parayno. The Appeals Council, therefore, remanded the case for an ALJ to consider the opinions of the treating and examining sources and to explain the weight given to such opinion evidence. As Defendant now concedes, ALJ Haubner erred in reconsidering Dr. Parayno's opinion after remand in August 2009. Contrary to Defendant's assertion, there are no outstanding issues to be resolved before determining that Plaintiff is disabled. *See Harman*, 211 F.3d at 1178 n.7 ("*Smolen*'s three-part test really constitutes a two part inquiry, wherein the third prong is a subcategory of the second: if the ALJ were not 'required to find the claimant disabled' upon crediting the evidence, then this certainly would constitute an 'outstanding issue [ ] that must be resolved before a determination of disability [could] be made.'" (alteration in original) (quoting *Smolen*, 80 F.3d at 1292)).

Moreover, as the Ninth Circuit has explained, the Court "need not return the case to the ALJ to make a residual functional capacity determination a second time." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id.* "Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to 'tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.'" *Id.* For example, "[r]equiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill her obligation to develop the record." *Id.* Because the improperly discredited evidence of Dr. Parayno's opinion establishes disability when properly credited, Defendant should not be given endless opportunities to correct his mistakes while Plaintiff, who has had his application pending for almost six years, waits for an error-free decision. *See Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989) (appropriate for court to credit improperly rejected testimony as true when claimant was of advanced age and had already experienced a severe delay in her application).

In sum, substantial evidence does not support the Commissioner's decision. The Court reverses the Commissioner's decision and remands this case for a determination of benefits. In light of the Court's disposition of this case, the Court need not address any other issues raised by the parties.

**CONCLUSION**

Based on the foregoing, Defendant's motion to remand (Doc. 17) is GRANTED IN PART. The Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, REVERSED and the case REMANDED to the ALJ for an award of benefits. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Sammy Voravong and against Defendant Michael J. Astrue, Commissioner of Social Security.

IT IS SO ORDERED.

**Dated:   January 24, 2011**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE