# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY VORAVONG,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:10-cv-00081-SKO<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR AN AWARD OF FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412**<br><br>(Doc. 23) |

## I.  INTRODUCTION

On January 25, 2011, the Court issued an order that the administrative law judge's ("ALJ") decision be reversed and directed that judgment be issued in favor of Plaintiff Sammy Voravong. (Doc. 19.) As Plaintiff was the prevailing party, he filed an application for fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") on April 21, 2011, requesting $8,047.95. (Doc. 22.) Plaintiff's EAJA application was not opposed by Defendant.[1]

---

[1] While Defendant's supplemental brief states that "[t]he Commissioner filed an opposition to [Plaintiff's EAJA] application," no such opposition was filed. Plaintiff filed a proposed order on April 21, 2011, purporting to be a "stipulation" for an award of fees and expenses pursuant to EAJA (Doc. 23), but this document is only a proposed order and contains no signature of counsel for Defendant; thus, it is *not* a stipulation. On May 16, 2011, the Court noted that

On May 16, 2011, the Court issued an order requiring the parties to submit additional briefing regarding whether Plaintiff may recover attorney's fees for work performed by Mr. Ralph Wilborn, who is not a member of either the California Bar or the Bar of this Court. The parties each filed a supplemental brief addressing this issue. (Docs. 25, 26.) For the reasons set forth below, the Court GRANTS Plaintiff's request for an award of fees and expenses pursuant to the EAJA.

## II.  DISCUSSION

**A.  Plaintiff is Entitled to Fees for Work Performed by Mr. Wilborn**

**1.  Supplemental Briefing**

On April 21, 2011, Plaintiff filed an application requesting attorney's fees in the amount of $8,047.95 pursuant to EAJA, 28 U.S.C. § 2412(d). (Doc. 22.) The application sought EAJA fees for 34.5 hours of work performed by Ralph Wilborn, Esq., an Oregon practitioner. (*See* Doc. 22-3.) Mr. Wilborn was employed by Plaintiff's attorney of record in this matter, Sengthiene Bosavanh, Esq., to perform legal work related to this appeal.

Although this request for EAJA fees was unopposed by the Commissioner, the Court, *sua sponte*, requested additional briefing as to whether Plaintiff was entitled to EAJA fees for work performed by an attorney who is not a member of the Bar of the State of California or this Court; he had also not applied to appear *pro hac vice*. In the order regarding supplemental briefing, it was noted that the United States Court of Appeals for the Ninth Circuit had addressed a similar question in *Winterrowd v. American General Annuity Insurance Co.*, 556 F.3d 815 (9th Cir. 2009).

In *Winterrowd*, the Ninth Circuit held that an Oregon attorney who was not admitted to the California State Bar or admitted to practice *pro hoc vice* in the Central District of California may recover attorney fees for work in an action prosecuted before the Central District of California. The attorney did not physically appear before the Central District, did not sign pleadings, had minimal contact with clients and no contact with opposing counsel, and was supervised by an attorney who was admitted to the California State Bar and who remained solely responsible to the clients.

---

the parties filed "a stipulation and proposed order regarding Plaintiff's EAJA application," but, as already stated, the substance of the document filed by Plaintiff, although purporting to be a "stipulation," is merely a proposed order. (*See* Doc. 24, 1:24-25; Doc. 23.)

Case 1:10-cv-00081-SKO   Document 27   Filed 09/19/11   Page 3 of 9

*Winterrowd*, 556 F.3d at 825.  The recovery of fees was premised on a finding that the non-admitted attorney "would have certainly been permitted to appear *pro hac vice*" had he applied.  *Id.* at 822.  Here, both parties filed supplemental briefs addressing the application of *Winterrowd*.  (Docs. 25, 26.)

**2.     Fees for Work of Non-Admitted Practitioner Awardable Under EAJA**

Pursuant to this Court's Local Rule ("L.R.") 180(b), "[e]xcept as otherwise provided herein, only members of the Bar of this Court shall practice in this Court."  Admission to the Bar of this Court is limited to attorneys and is predicated on active and good standing with the State Bar of California.  L.R. 180(b).  Attorneys who are not members of the Court's Bar may appear *pro hac vice*, pursuant to the following Local Rule:

> (2) Attorneys *Pro Hac Vice*.  An attorney who is a member in good standing of, and eligible to practice before, the Bar of any United States Court or of the highest Court of any State, or of any Territory or Insular Possession of the United States, and who has been retained to appear in this Court may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case.  Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to (b)(2) if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

Mr. Wilborn is not a member of the California Bar or the Bar of this Court.  Further, Mr. Wilborn has not applied to appear *pro hac vice*.  The decision in *Winterrowd* presented an issue, which was further discussed specifically in the context of EAJA in *Priestley v. Astrue*, __ F.3d __, Nos. 10-1113, 10-1160, 10-1176, 2011 WL 2641273, at *1 (4th Cir. July 7, 2011), because in *Winterrowd* the Ninth Circuit predicated its award of fees in large part on the fact that the non-admitted attorney whose fees were being requested "would have certainly been permitted to appear *pro hoc vice*" had he applied.  *Id.* at 822.  As Mr. Wilborn has provided legal services in a large number of Ms. Bosavanh's cases before this Court, he is seemingly ineligible to appear *pro hac vice*.

Since the Court's order requiring additional briefing, the United States Court of Appeals for the Fourth Circuit has considered an analogous set of circumstances and specifically addressed whether an award of attorney's fees was appropriate under EAJA where the attorney was not admitted to the district where the appeal was taken.  *Priestley v. Astrue*, __ F.3d __, 2011 WL

3

2641273, at *1. In *Priestley*, the plaintiffs in three Social Security appeals before the District of South Carolina sought EAJA fees for work performed by attorney Paul T. McChesney, who was admitted to the district court, as well as for the work of two out-of-state attorneys, Charles L. Martin and Perrie H. Naides, who "assisted McChesney in drafting briefs and pleadings for McChesney's review and filing." *Id.* at *1. Martin and Naides were not admitted to practice in South Carolina or before the District of South Carolina. *Id.* Rather, attorneys Martin and Naides were licensed to practice in Georgia and Pennsylvania, respectively, and they each practiced their specialty of briefing Social Security appeals through their law firm in Georgia. *Id.* Their participation in the litigation before the District of South Carolina, however, was limited to submitting drafts of documents to McChesney, who reviewed, edited, signed, and filed the documents with the Court. *Id.*

The district court granted the motions for the fees charged by McChesney, but it denied the motion for fees charged by Martin and Naides because they were not licensed to practice law in the District of South Carolina and were not admitted *pro hac vice*. The court noted that the local rule for the District of South Carolina authorizes *pro hac vice* admission of out-of-state attorneys "for occasional appearances," but not as a "substitute for regular admission to the Bar of this Court." *Id.* at *1. The district court noted that Martin and Naides had provided McChesney "with similar assistance in dozens of earlier cases." *Id.* Their work constituted between 75% to 85% of the fees for which McChesney's clients sought reimbursement under EAJA. The district court determined that Martin and Naides' lack of licensure was a "special circumstance" that made reimbursement of their fees "unjust" under EAJA. *See* 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that . . . special circumstances make an award unjust").

On appeal, the plaintiffs asserted that McChesney's retention of out-of-state attorneys for assistance in brief writing did not preclude reimbursement of their fees under EAJA, and it did not violate the District of South Carolina's local rules. Accordingly, they argued that there were no "special circumstances" that justified the denial of attorney's fees for work performed by the out-of-state attorneys. *Id.* The Fourth Circuit held that "the use of nonadmitted lawyers for brief writing services does not present a 'special circumstance' sufficient to deny a fee award as 'unjust' under the

EAJA." *Id.* In so holding, the court reasoned that EAJA provides a broad definition of "fees and other expenses" indicating that Congress intended to award a wide range of fees and expenses to the prevailing party in litigation with the government. *Id.* at *4. EAJA, therefore, authorized reimbursement of fees for "persons conducting studies, doing analyses, or issuing reports, as well as for attorneys fees." *Priestley*, 2011 WL 2641273, at *4. The court noted that it had previously held that reimbursement of attorney's fees includes authorization for reimbursement for work performed not only by attorneys but also by persons doing "'tasks traditionally performed by an attorney and for which the attorney would customarily charge the client,' regardless of whether an attorney, or a paralegal, or a law clerk actually performed them." *Id.* (quoting *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002)). Thus, the court concluded, with "little difficulty," that EAJA authorizes a plaintiff to receive reimbursement for work performed by an attorney, regardless of whether that attorney is admitted to practice in that particular district. *Id.*

The court further held that, to the extent the district court concluded that reimbursement was inappropriate for the work performed by Martin and Naides due to their failure to be admitted under the local rules of the court or under the local rules' *pro hac vice* provisions, that determination "improperly linked the requirements for the practice of law in the district court with the requirements of EAJA, thus limited the scope of fees that EAJA otherwise authorizes." *Id.* at * 4. As a result, the district court "ended up effectively sanctioning out-of-state attorneys for purported violations of its local rules by denying reimbursement for their fees under the EAJA." *Id*. The court noted that Martin and Naides' violation of the local rules, if any, would be "quite thin" because these attorneys "never physically appeared in court or before the judge; they never filed a brief or paper in the court; they never communicated with opposing counsel; they never even communicated with the plaintiffs." *Id.* at *5. Thus, the record suggested that Martin and Naides did not "appear" before the district court. *Id.* The Fourth Circuit concluded that the issues of attorney compliance with the local rules of the court and reimbursement under the EAJA are separate matters and "should not be so mixed." *Id.* at *4.

In the recent decision issued in *Roberts v. Astrue*, No. 1:09-cv-01581-DLB, 2011 WL 2746715 (E.D. Cal. July 13, 2011), the court specifically considered the application of *Priestley* on

a request for EAJA fees for Mr. Wilborn's work in another case before this district. In *Roberts*, the court concluded that the fees for Mr. Wilborn's work were compensable under EAJA and provided the following discussion:

> The facts of Mr. Wilborn's involvement in this and related actions are almost identical [to *Priestley*]. He has provided drafts of briefing to Ms. Bosavanh, who is admitted to practice before this Court, for review, signing, and filing. He does not discuss the case with the client or opposing counsel, does not indicate that he is counsel for Plaintiff on the pleadings and has never physically appeared in this Court. Based on the reasoning of Priestley, therefore, the Court finds that Mr. Wilborn's involvement is not a "special circumstance" under EAJA that would make an award unjust.
>
> The Court's concludes, however, is limited to the circumstances of requests for EAJA in Social Security appeals. Such a finding is logical because Social Security practice in District Courts within the Ninth Circuit, to which Mr. Wilborn is admitted, is controlled by the same Ninth Circuit law. The Court's finding also taken into consideration the lack of objection from the Commissioner.
>
> In relying on the interpretation of EAJA to award Mr. Wilborn fees, the Court's finding is not based on Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815 (9th Cir. 2009), where the decision to award fees was not made in the context of EAJA. In other words, the Court makes no determination as to whether Mr. Wilborn "appeared" or "practiced" in violation of the Local Rules. Moreover, in light of the fact that the Court raised this issue and based on Mr. Wilborn's statement that he is no longer accepting work for new cases in this Court, there is no need to address the issue of whether sanctions could, or should, issue.

Similarly, this Court finds the reasoning of *Priestley* to be persuasive and conclusive to the issue. As set forth in *Priestley*, the work performed by Mr. Wilborn is compensable under EAJA, even though he is not admitted to this district, in the same way fees for work performed by a law student or a paralegal, neither of whom would not be admitted to any district court, is compensable under EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) ("attorneys fees" under EAJA includes "fees for paralegal services"). As the court noted in *Roberts*, Mr. Wilborn's involvement in this action and other related actions in this district are nearly identical to that of Martin and Naides in *Priestly*. Mr. Wilborn provided drafts to Plaintiff's attorney of record, Ms. Bosavanh, who is admitted to practice in California and before this Court. He did not discuss the cases with clients or opposing counsel. Nothing in the docket indicates that he is counsel for Plaintiff, and Mr. Wilborn has never made an appearance before the Court. Thus, as the courts reasoned in *Priestly* and *Roberts*, despite the absence of a license to practice law in California or admittance to the Bar of this Court, Mr. Wilborn's work in furtherance of Plaintiff's appeal is not a

"special circumstance" under EAJA that would make an award of fees unjust. Finally, because *Winterrowd* did not involve a fee award in the context of EAJA, it is distinguishable, and in any event, does not change the outcome particularly in light of *Priestley*.

Like *Roberts*, the Court declines to make a determination as to whether Mr. Wilborn "appeared" or "practiced" in violation of the Local Rules. First, extending the rationale of *Priestley* to this case, the work performed by Mr. Wilborn was of a limited nature suggesting that it did not rise to the level of an "appearance." *Priestley*, 2011 WL 2641273, at *7 (supporting role of Martin and Naides "strongly suggests" that they did not "appear" before the district court, and any purported violations of the local rules "would be quite thin and at most, of a technical nature"). Second, even to the extent it was an "appearance," because Mr. Wilborn has represented that he is no longer accepting work from Ms. Bosavanh (Doc. 25, Exhibit 1, p. 2), "there is no need to address the issue of whether sanctions could, or should issue." *Roberts*, 2011 WL 2746715, at * 4.

**B.     Plaintiff's Request for Expenses to EAJA Fees and Expenses**

    **1.     Plaintiff Meets the EAJA Requirements for Award of Reasonable Fees**

EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The prevailing party must apply for attorney's fees within thirty days of the final judgment in the action. *Id*. § 2412(d)(1)(B).

A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that he was a prevailing party for purposes of the appeal in this case, and the Commissioner's position was not "substantially justified." The Commissioner does not dispute this. Plaintiff further asserts that his net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C.

§ 2412(d)(1)(D)(2)(B), which is also undisputed by the Commissioner. The Court finds that Plaintiff is entitled to an award of his reasonable attorney's fees and expenses.

### 2. The Reasonableness of Fees and Expenses

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

#### a. Hourly Rates

Plaintiff requests $172.24 per hour for work performed by his counsel in 2009 and $175.06 for work performed by his counsel in 2010, which are the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. These hourly rates are not opposed by the Commissioner. Further, these rates have been considered reasonable in other social security cases in this district, *see, e.g., Roberts*, 2011 WL 2746715, at * 4, and the Court does not find any basis to reduce the hourly rates requested here.

#### b. Hours Expended

As to hours expended, Plaintiff seeks attorney's fees for 1.7 hours of work performed by Ms. Sengthiene Bosavanh, Esq. in 2009 and 44.3 hours expended by Ms. Bosavanh, Esq. and Mr. Ralph Wilborn, Esq. in 2010 (9.8 hours expended by Ms. Bosavanh and 34.5 hours expended by Mr.

Wilborn). Thus, Plaintiff seeks $292.80 in attorney's fees for work performed by Ms. Bosavanh in 2009 ($172.24 x 1.7 hours) and $7,755.15 for work performed by Ms. Bosavanh and Mr. Wilborn in 2010 ($175.06 x 44.3). The Commissioner has not opposed the reasonableness of the hours expended, and the Court has reviewed the hours expended and finds that they are reasonable. The Court has also taken into consideration the results achieved by Plaintiff: the remand order in this case directed an award of benefits. *Hensley*, 461 U.S. at 440 ("Where a plaintiff has obtained excellent results, his attorney should recovery a fully compensatory fee.").

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an award of $8,047.95 ($292.80 + $7,755.15) is GRANTED; and

2. The attorney's fees awarded shall be made payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

IT IS SO ORDERED.

**Dated:   September 18, 2011**              /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE